**CHILDREN FIRST FOUNDATION, INC., Plaintiff–Appellee,**

v.

**Barbara J. FIALA, in her official capacity as Commissioner of the New York State Department of Motor Vehicles, Defendant–Appellant.**

No. 11–5199–cv.

United States Court of Appeals, Second Circuit.

Aug. 5, 2015.

Zainab A. Chaudry, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Andrea Oser, Assistant Solicitor General, on the brief) for Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY, for Appellant.

Jeremy D. Tedesco (Jeffrey A. Shafer, David A. Cortman, James P. Trainor, Kevin Theriot, on the brief), Alliance Defense Fund, Scottsdale, AZ, for Appellee.

Present: ROSEMARY S. POOLER, PETER W. HALL and DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Children First Foundation Inc. ("CFF") filed a petition for rehearing from our opinion in *Children First Found., Inc. v. Fiala*, 790 F.3d 328 (2d Cir.2015). We stayed our mandate pending the Supreme Court's issuance of its opinion in *Walker v. Texas Div., Sons of Confederate Veterans, Inc.*, —— U.S. ——, 135 S.Ct. 2239, 192 L.Ed.2d 274 (2015). Both parties submitted briefing on the impact of *Walker*.

Having considered *Walker* and the subsequent briefing, we now GRANT the petition for rehearing, and withdraw that portion of the opinion filed May 22, 2015 holding the custom license plate program (1) was facially valid and (2) did not violate CFF's First Amendment rights in rejecting CFF's proposed custom plate design.

We further VACATE the judgment of the district court and REMAND for further proceedings consistent with the opinion of the Supreme Court. So that the case may be heard as expeditiously as possible, we direct that should the district court deem further discovery necessary, said discovery be limited to the issues raised by *Walker*.

From whatever final decision the district court makes, the jurisdiction of this Court to consider a subsequent appeal may be invoked by any party by notification to the Clerk of this Court within ten days of the district court's decision, in which event the renewed appeal will be assigned to this panel. *See United States v. Jacobson*, 15

F.3d 19 (2d Cir.1994). Each side to bear its own costs.